152

**VARNEDOE v. ALLEN, Collector
of Internal Revenue.**

**No. 379.**

District Court, M. D. Georgia,
Macon Division.

June 4, 1946.

Smith, Kilpatrick, Cody, Rogers & McClatchey, of Atlanta, Ga. (Welborn B. Cody and Bertram S. Boley, both of Atlanta, Ga., of counsel), for plaintiff.

Mills Kitchin, Sp. Asst. to the Atty. Gen., and Jno. P. Cowart, U. S. Atty., of Macon, Ga., for defendant.

DAVIS, District Judge.

This case was tried to the court without a jury on February 13, 1946. Suit was instituted for the recovery of individual federal income taxes and interest paid by plaintiff for the years 1941, 1943 and 1944, in the amounts of $392.39, plus statutory interest from November 27, 1944, and $234.51, plus statutory interest from January 2, 1945.

The facts not being in dispute, were stipulated. From such stipulation the court makes its findings and applied to such findings are its conclusions of law hereinafter set out.

### Findings of Fact

1. Plaintiff (hereinafter called "taxpayer") is the widow of Lewis Carroll Varnedoe, who, during his lifetime, was a Captain in the Fire Department of the City of Atlanta, Georgia. Captain Varnedoe died at the age of 70, on December 20, 1931, after having served approximately 42 years with the Fire Department of the City of Atlanta. At the date of death he was employed by the Fire Department of the City of Atlanta.

2. Taxpayer, widow of the late Captain Varnedoe of the Atlanta Fire Department, commenced receiving payments from the City of Atlanta, Georgia, of $100 per month beginning January 1, 1932, and has continuously received payments in this amount since that date. Such payments were received by taxpayer pursuant to an Act of the General Assembly of the State of Georgia, approved August 13, 1924, Ga. Laws 1924, pp. 167–173, as amended by Acts approved August 7, 1925, Ga.Laws 1925, pp. 194–198, August 24, 1931, Ga. Laws 1931, pp. 223–228, and March 28, 1935, Ga.Laws 1935, pp. 450–456.

3. Taxpayer has never, at any time, been employed by or rendered services to the City of Atlanta, Georgia, and she has never, at any time, paid or given any personal consideration whatsoever in exchange for the payments she has received from the City of Atlanta, Georgia, pursuant to the foregoing Acts of the General Assembly of the State of Georgia.

4. The salary that her late husband, Captain Lewis Carroll Varnedoe, received

from the City of Atlanta, Georgia, from 1924 to the date of his death amounted to $200 per month, and during said period, deductions were made from his salary as provided by law in the above-referred to Acts of the State of Georgia.

5. On November 27, 1944, and on January 2, 1945, pursuant to the demands of defendant, taxpayer paid the taxes on said sums paid to her under Georgia law, which sums constitute the subject matter of the claims involved herein. After such payment, taxpayer duly and timely filed claims for refund of the above taxes and same were in due time rejected by the Commissioner of Internal Revenue.

6. The question presented here is whether or not such payments to taxpayer, under all the facts and circumstances, were taxable to her under the Federal Income Tax Law.

### Conclusions of Law

1. The court has jurisdiction of the parties, and jurisdiction of the subject matter was invoked by the timely filing of a claim for refund and its rejection by the Commissioner of Internal Revenue. The grounds on which this suit was instituted are identical with those in the claim for refund.

2. The money taxed here was paid to and received by the taxpayer by reason of the personal services rendered by her late husband pursuant to the laws of Georgia.

3. Such income, or compensation by whatever name called, was not a gratuity but constituted money demandable by taxpayer as of statutory right under Georgia law, which conditioned such payment on the prior personal services of taxpayer's late husband.

4. The money thus received by taxpayer constituted gross income to her as compensation for personal services within the meaning of Section 22(a), Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 22 (a).

5. Such gross income was, under the law and facts of this case, taxable to its recipient.

6. Taxpayer is to take nothing from the defendant in this suit; her bill of complaint is to be dismissed, and all costs expended herein are to be taxed by the Clerk against plaintiff.

### Stipulation of Facts

The above named parties, through their counsel, hereby stipulate and agree that the following facts may be taken as true at the trial of this case, with each party reserving the right to introduce further testimony not inconsistent herewith.

1. The District Court of the United States for the Middle District of Georgia, Macon Division, has jurisdiction of this suit.

2. The plaintiff is the widow of Lewis Carroll Varnedoe, who, during his lifetime, was a Captain in the Fire Department of the City of Atlanta, Georgia.

3. Lewis Carroll Varnedoe died at the age of 70, on December 20, 1931, after having rendered approximately 42 years of service with the Fire Department of the City of Atlanta, Georgia.

4. Lewis Carroll Varnedoe, deceased, was on the Fire Department of the City of Atlanta, Georgia, at the time of his death.

5. The plaintiff, who is 71 years old, commenced receiving payments from the City of Atlanta, Georgia of $100 per month beginning January 1, 1932, and has continuously received these payments since that date. Said payments received by the plaintiff were paid to plaintiff pursuant to an Act of the General Assembly of the State of Georgia, approved August 13, 1924, Ga.Laws 1924, pages 167–173, as amended by Acts approved August 7, 1925, Ga.Laws 1925, pages 194–198, August 24, 1931, Ga.Laws 1931, pages 223–228, and March 28, 1935, Ga.Laws 1935, pages 450–456.

6. The plaintiff has never at any time been employed by or rendered services to the City of Atlanta, Georgia, and the plaintiff has never paid or given any consideration whatsoever in exchange for the pay-

ments she has received from the City of Atlanta, Georgia, by and under the foregoing Acts of the General Assembly of the State of Georgia.

7. The salary that Lewis Carroll Varnedoe, deceased received from the City of Atlanta, Georgia, from 1924 to the date of his death amounted to $200 per month, and during said period deductions were made from his salary as provided for in the above referred to Acts of the General Assembly of the State of Georgia.

8. On November 27, 1944, the plaintiff paid to Marion H. Allen, as Collector of Internal Revenue for the District of Georgia, income tax for 1941 in the amount of $83.01, plus interests of $13.28, or a total of $96.29, and income tax for 1943 in the amount of $259.74 plus interest of $9.36, or a total of $269.10; and on January 2, 1945 plaintiff paid to Marion H. Allen, as Collector of Internal Revenue for the District of Georgia income tax for 1944 in the amount of $261.51.

9. The copies of the claims for refund attached to the complaint as Exhibits A, B and C are true and exact copies of the claims for refund which the plaintiff filed with the defendant on January 31, 1945, and were filed more than six months prior to the filing of the complaint.

10. In the event that judgment is rendered in favor of the plaintiff on Count I, then the plaintiff is entitled to recover from the defendant $83.01 tax, and $13.28 interest, or a total of $96.29, plus interest at the rate of 6% per annum on said amount from November 27, 1944; if judgment is rendered in favor of the plaintiff on Count II, then the plaintiff is entitled to recover from the defendant $259.74 tax, and $9.36 interest, or a total of $269.10, plus interest at the rate of 6% per annum on said amount from November 27, 1944; and if judgment is rendered in favor of the plaintiff on Count III, then the plaintiff is entitled to recover from the defendant $234.51 tax, plus interest at the rate of 6% per annum on said amount from January 2, 1945.